# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-00636-DSC

| | |
|---|---|
| JUSTIN SHERILL KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| SARAH H. CONNER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' City of Charlotte and Rodney Monroe, in his official capacity as the Police Chief for the Charlotte Mecklenburg Police Department ("CMPD") "Motion for Summary Judgment," Doc. 38; Defendants' Michael Ford, William Murray, Eric Mickley, Jason Kerl and Gilberto a/k/a Gil Narvaez, individually and in their official capacity as law enforcement officers with the CMPD "Motion for Summary Judgment," Doc. 39; "Defendant Sarah Conner's Motion to Dismiss and/or Summary Judgment…," Doc. 41; "Defendant North Carolina Private Protective Services Board's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and Motion for Summary Judgment…," Doc. 44; and "Plaintiff's Motion for Partial Summary Judgment," Doc. 43, as well as the parties' associated briefs, affidavits, and exhibits. See Docs. 40, 42, 45-60, 68-71.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and these Motions are now ripe for the Court's determination.

Having carefully considered the parties' arguments, the record, and the applicable authorities, the Court grants Defendants' Motions for Summary Judgment and denies Plaintiff's Motion for Partial Summary Judgment, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Justin Sherill Kelly seeks damages pursuant to 42 U.S.C. § 1983 for violation of his Fourth Amendment rights to be free from false arrest and unreasonable search and seizure. He also asserts state law claims for false arrest, intentional infliction of emotional distress, negligent infliction of emotional distress, malicious prosecution, abuse of process, trespass to chattels, conversion, and state RICO violations. Plaintiff also alleges violation of his Fourteenth Amendment rights to Due Process and Equal Protection and seeks declaratory and injunctive relief related to the general application of the Private Protective Services Act, Chapter 74C of the North Carolina General Statutes ("the Act").

Pursuant to Chapter 74C, Defendant Private Protective Services Board (the "Board"), an agency of the State of North Carolina and a part of the Attorney General's Office at the time of the events herein (and now under the Department of Public Safety), is tasked with licensing individuals and businesses that engage in private protective services in North Carolina, maintaining the registration of armed and unarmed security guards employed by licensed businesses and maintaining the registration of armed security guards for companies with proprietary security services. Any person, firm, corporation or individual engaged in private security activities is required by Chapter 74C to be licensed and registered with the Board.

Club Kalipzo is a public club located at 5920 North Tryon Street in Charlotte, North Carolina. Club Kalipzo has a permit to sell alcohol but is not licensed by the Board. On January 22, 2011, Plaintiff was working as a security guard in the parking lot of Club Kalipzo. An

unknown patron stabbed a bouncer at the club and Charlotte Mecklenburg Police ("CMPD") were called. While waiting for CMPD officers to arrive, the unknown patron ran across the parking lot and began firing a handgun at Plaintiff. Plaintiff drew his handgun and the unknown patron fled the scene. When CMPD officers arrived, Officer J. Moore wrote an incident report and Plaintiff voluntarily surrendered his handgun for testing.

On February 12, 2011 Officer Moore advised Plaintiff that he was being charged with working as an "armed security guard" without having his firearm registered with the Board in violation of the Act. Plaintiff surrendered himself and was detained for approximately six hours before being released on an unsecured bond.

On June 1, 2011, Plaintiff was tried before Mecklenburg County District Court Judge Matt Osman. Judge Osman found Plaintiff not guilty and ordered his firearm returned to him. In July 2011, CMPD returned Plaintiff's firearm.

Plaintiff continued to work as a security guard for Club Kalipzo and carry a firearm for his own protection.

In early October 2011, Detective Jason Kerl was assigned to CMPD's Alcoholic Beverage Control (ABC) unit. Officers assigned to this unit had enforcement authority under a grant from the Mecklenburg ABC Commission. Detective Kerl was asked by a supervisor to investigate the armed security guards working in the parking lots of some nightclubs and determine if they were properly licensed.

Detective Kerl contacted the Board's Investigator Sarah Conner and asked her to accompany him on the inspections. Detective Kerl devised an operational plan to inspect approximately twelve nightclubs.

On October 14, 2011, at around 9:00 p.m., ten to twelve CMPD officers and Investigator

Conner arrived at Club Kalipzo. CMPD officers observed Plaintiff dressed in black including a black tactical vest with a pistol strapped to the front. Detective Eric Mickley and another officer approached Plaintiff and asked if he had a permit to carry the weapon. Plaintiff advised that he did not have a permit from the Board and this was confirmed by Investigator Conner. Plaintiff was placed under arrest by Detective Mickley for working as an armed security guard without a permit in violation of the Act. Two guns and a knife were seized from Plaintiff.

On February 23, 2012, Mecklenburg County District Court Judge Kimberly Best-Staton found Plaintiff guilty on all charges. Plaintiff appealed to Superior Court.

On March 21, 2012, while the state charges were on appeal, a federal Grand Jury returned an Indictment charging Plaintiff with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). A Superseding Indictment added a charge under 18 U.S.C. § 922(a)(6) for making false statements during the purchase of two firearms. The Indictment charged that Plaintiff falsely represented that he had not been convicted of a misdemeanor crime of domestic violence on ATF Form 4473. Chief U.S. District Judge Frank D. Whitney was assigned to this case, <u>United States v. Justin Kelly</u>, No. 3:12-cr-108-FDW-DSC.

On April 10, 2012, in deference to the pending federal Indictment, the Mecklenburg County District Attorney dismissed the state charges brought under the Act.

In the federal case, Plaintiff filed a Motion to Suppress the seizure of the two firearms taken during his arrest on October 14, 2011. On August 29, 2012, Judge Whitney found that the officers had probable cause to arrest Plaintiff for violating the Act and that the two firearms were in plain view and thus lawfully seized.

On January 7, 2013, Judge Whitney ruled that Plaintiff's prior [2001] state conviction for

assault on a female did not qualify as a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9) and dismissed Count One of the federal Indictment. Two weeks later, on January 22, 2013, Judge Whitney dismissed the second Count thereby concluding the federal case.

On November 11, 2013, Plaintiff filed the instant action against Defendants Sarah Conner in her individual and official capacities as an Investigator for the Board, the Board, CMPD Officers Michael Ford, William Murray, Gilberto a/k/a Gil Narvaez, Jason Kerl and Eric Mickley in their individual and official capacities, Chief of Police Rodney Monroe, James Kevin Galyan[1] and the City of Charlotte.

The Parties' Motions for Summary Judgment have been fully briefed and are ripe for disposition.

## II. **DISCUSSION OF CLAIMS**

### A.     **Standard of Review**

Federal Rule of Civil Procedure 56(a) provides:

A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The Rule provides procedures for establishing the presence or absence of any genuine dispute as to any material fact:

(c) Procedures.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

---
[1] Plaintiff obtained a default judgment against Galyan on April 9, 2014.

> purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

Although the moving party bears the initial burden of stating the basis for the motion and identifying what evidence demonstrates the absence of a genuine issue of material fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The facts must be viewed in the light most favorable to the non-moving party, and where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. See Ricci v. DeStefano, 557 U.S. 557, 585 (2009) (citations omitted).

"The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment." Coleman v. United States, 369 F. App'x 459, 461 (4th Cir. 2010) (citing Baber v. Hosp. Corp. of Am., 977 F.2d 872, 875 (4th Cir.1992)). The party asserting that a fact cannot be or is genuinely disputed must cite to particular materials in the record, including depositions, documentary evidence, affidavits and declarations.

Fed.R.Civ.P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (emphasis in original).

**B.     Federal Claims**

The nexus of Plaintiff's claims is that Defendants misapplied the Act, resulting in his false arrest on two occasions and the subsequent unlawful search and seizure of his property. Section 1983 provides relief for civil rights violations committed under color of state law. Jenkins v. Medford, 119 F.3d 1156, 1159–60 (4th Cir.1997). "Under [ ] § 1983, a plaintiff must establish three elements to state a cause of action: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Id.

**1. Section 1983 Claim for False Arrest**

Defendants CMPD officers argue that they had probable cause to arrest Plaintiff. They also assert that they are entitled to qualified immunity.

There is no cause of action for false arrest under § 1983 where the arresting officer had probable cause. Street v. Surdyka, 492 F.2d 368, 372–73 (4th Cir. 1974). A police officer may arrest an individual without a warrant if he "has probable cause to believe that an individual has committed even a very minor criminal offence in his presence[.]" Ross v. Early, 746 F.3d 546, 561 (4th Cir. 2014) (quoting Atwater v. Lago Vista, 532 U.S. 318, 354 (2001)). Probable cause exists when the facts and circumstances known to the officer are sufficient to warrant an objectively reasonable person in believing "that the suspect has committed, is committing, or is about to commit an offense." Id. (quoting Pritchett v. Alford, 973 F.2d 307, 314 (4th Cir.1992)). "Whether probable cause exists in a particular situation ... always turns on two factors in combination: the

suspect's conduct as shown to the officer, and the contours of the offense thought to be committed by that conduct." Id. (quoting Rogers v. Pendleton, 249 F.3d 279, 290 (4th Cir. 2001)).

The Fourth Circuit Court has held:

> The qualified immunity defense "'protects government officials from civil damages in a § 1983 action insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Bland v. Roberts, 730 F.3d 368, 391 (4th Cir.2013) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 250 (4th Cir.1999)). Consequently, "[i]n determining whether a defendant is entitled to qualified immunity, [we] must decide (1) whether the defendant has violated a constitutional right of the plaintiff and (2) whether that right was clearly established at the time of the alleged misconduct." Id. (citing Walker v. Prince George's Cnty., 575 F.3d 426, 429 (4th Cir.2009)).

Ross, 746 F.3d at 560.

Defendants' actions are assessed from the perspective of an objectively reasonable officer charged with knowledge of established law. The Defendants' motives are irrelevant to the qualified immunity inquiry. Anderson v. Creighton, 438 U.S. 635, 641 (1987). This assessment also depends upon the reasonableness of the officer's perceptions, and not those of the Plaintiff or bystanders. Gooden v. Howard Co., 954 F.2d 960, 965 (4th Cir. 1992). The Supreme Court has held that qualified immunity "applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotation marks and citation omitted).

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Put differently, qualified immunity "protects law enforcement officers from 'bad guesses in gray areas' and ensures that they are liable only 'for transgressing bright lines.'" Willingham v. Crooke, 412 F.3d 553, 558 (4th Cir. 2005) (quoting Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992)).

The Supreme Court has "recognized that it is inevitable that law enforcement officials will

in some cases reasonably but mistakenly conclude that probable cause is present" and "those officials-like other officials who act in ways they reasonably believe to be lawful-should not be held personally liable." Anderson, 483 U.S. at 641. "If every mistaken seizure were to subject police officers to personal liability under § 1983, those same officers would come to realize that the safe and cautious course was always to take no action. The purposes of immunity are not served by a police force intent on escaping liability to the cumulative detriment of those duties which communities depend upon such officers to perform." Gooden, 954 F.2d at 966-67.

Applying these legal principles to the facts taken in the light most favorable to the Plaintiff, Defendant officers' and Defendant Conner's Motions for Summary Judgment on Plaintiff's § 1983 false arrest claim must be granted. The officers had probable cause to arrest Plaintiff on both occasions. The officers and Investigator Conner observed Plaintiff carrying a firearm in plain view at the club parking lot and knew he was not registered with the Board. Plaintiff's arrest in February 2011 took place under nearly identical circumstances to his October 14, 2011 arrest. Judge Whitney found that the second arrest was supported by probable cause. Since Defendants had probable cause to arrest Plaintiff, there was no constitutional violation.

Even assuming arguendo that Plaintiff established that application of the Act violated his constitutional rights, he has not shown the existence of a "right [that] was clearly established at the time of the alleged misconduct." Ross, 746 F.3d at 560. Plaintiff has not cited any authority establishing that the Act could not lawfully be applied under the circumstances present here, and the Court is aware of none. Accordingly, Defendants are entitled to qualified immunity.

For these reasons, the Court grants Defendants' Motions for Summary Judgment on Plaintiff's § 1983 claim for false arrest.

**2. Section 1983 Claim for Unreasonable Search and Seizure**

The Fourth Amendment protects individuals against "unreasonable searches and seizures." U.S. Const., amend. IV. Warrantless searches "are per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions." United States v. Bush, 404 F.3d 263, 275 (4th Cir.2005) (quoting Mincey v. Arizona, 437 U.S. 385, 390 (1978)). One of the well-recognized exceptions to the warrant requirement is a search incident to a lawful arrest. See United States v. Currence, 446 F.3d 554, 556 (4th Cir.2006). Under this exception, law enforcement officers may search "the arrestee's person and the area within his immediate control" following a lawful arrest. Id. (quoting Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)).

Having concluded that Defendants lawfully arrested Plaintiff on both occasions, their subsequent search of his person and seizure of weapons were also lawful. And for the same reasons discussed above, Defendants are also entitled to qualified immunity on this claim as well. Accordingly, Defendants' Motions for Summary Judgment on Plaintiff's § 1983 search and seizure claim are granted.

### 3. Section 1983 Claim against City of Charlotte

Municipal liability exists generally under § 1983 when actions taken pursuant to an official policy or custom cause the deprivation of a constitutional right. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1978) (interpreting the language of § 1983). However, the court need not make this determination in the absence of any constitutional violation. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Therefore, "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." Id.

Since the Court has determined that Plaintiff's constitutional rights were not violated by his

arrest and the subsequent search and seizure, it is unnecessary to scrutinize the City's policies or customs. Consequently, the Court grants Defendant City of Charlotte's Motion for Summary Judgment on Plaintiff's § 1983 claims.

### 4. Section 1983 Claim for Violation of Due Process and Equal Protection

Plaintiff seeks declaratory and injunctive relief claiming that Defendants' application of the Act violated his rights under the Due Process and Equal Protection clauses of the Fourteenth Amendment. However, the Complaint contains only general allegations that the Act is "too ambiguous." Complaint at paragraphs 313-315 (document #1). Despite being giving an additional opportunity to address this issue in a supplemental brief, Plaintiff has failed to articulate how application of the Act violated his rights. Moreover, the North Carolina appellate courts have considered the Act and found it to be constitutional. Shipman v. North Carolina Private Protective Services Board, 346 S.E. 2d 295 (N.C. App.), petition for disc. rev. den., 349 S.E. 2d 866 (N.C. 1986). Noting that the petitioner was challenging "the entire Act," the Court of Appeals held that the statute served a legitimate purpose of state government and was rationally related to achieving that purpose. Id. 346 S.E. 2d at 445. For these reasons, Plaintiff's Motion for Summary Judgment as to his Fourteenth Amendment claims is denied and Defendants' Motions for Summary Judgment as to those same claims is granted.

### C. State Law Claims

#### 1. State Rico Violations

Plaintiff concedes that he is unable to forecast evidence as to the "for pecuniary gain" element of this claim. Consequently, the Court will grant Defendants' Motion for Summary Judgment as to this claim.

#### 2. Remaining State Law Claims

As noted above, the nexus of Plaintiff's claims is that misapplication of the Act resulted in his false arrest on two occasions and the subsequent unlawful search and seizure. Taking the evidence in the light most favorable to Plaintiff, the Court finds that the arrests, search, and seizure were supported by probable cause and that the statute is constitutional. For the same reasons, Plaintiff's state law claims for false arrest, intentional infliction of emotional distress, negligent infliction of emotional distress, malicious prosecution, abuse of process, trespass to chattels, and conversion fail as well. Accordingly, Defendants' Motions for Summary Judgment are <u>granted</u> as to those claims.

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Defendants' City of Charlotte and Rodney Monroe, in his official capacity as the Police Chief for the Charlotte Mecklenburg Police Department ("CMPD"), "Motion for Summary Judgment," Doc. 38, is **GRANTED**.

2. Defendants' Michael Ford, William Murray, Eric Mickley, Jason Kerl and Gilberto a/k/a Gil Narvaez, individually and in their official capacity as law enforcement officers with the CMPD, "Motion for Summary Judgment," Doc. 39, is **GRANTED**.

3. "Defendant Sarah Conner's Motion to Dismiss and/or Summary Judgment…," Doc. 41, is **GRANTED**.

4. "Defendant North Carolina Private Protective Services Board's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and Motion for Summary Judgment…," Doc. 44, is **GRANTED**.

5. "Plaintiff's Motion for Partial Summary Judgment," Doc. 43, is **DENIED.**

6. The Complaint is **DISMISSED WITH PREJUDICE.**

7. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: May 27, 2015

David S. Cayer
United States Magistrate Judge