# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:13-CV-00636-DSC

|  |  |  |
|---|---|---|
| JUSTIN SHERILL KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUPPLEMENTAL** |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| SARAH H. CONNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the following Motions:

1. "Defendant North Carolina Private Protective Services Board's New Motion to Dismiss … and Renew[ed] … Motion for Summary Judgment" (document #88);

2. Defendants Kerl, Mickley, Murray, Ford, and Narvaez' "Renew[ed] Motion for Summary Judgment …" (document #90);[1]

3. "Defendant City of Charlotte's "Second Motion for Summary Judgment" (document #91);

4. "Defendant Sarah A.H. Conner's Renewed Motion to Dismiss and/or Summary Judgment" (document #92); and

5. "Plaintiff's Motion for Partial Summary Judgment," (document #94), as well as the parties' associated briefs, affidavits, and exhibits.

---

[1]On June 8, 2017, Plaintiff voluntarily dismissed "all claims against Defendants Michael Ford, William Murray, Gilberto Narvaez, and Eric Mickley in their individual capacities." Document #83. See also "Order" (document #84).

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and these Motions are now ripe for the Court's determination.

Having carefully considered the parties' arguments, the record, and the applicable authorities, the Court grants Defendants' Motions for Summary Judgment and denies Plaintiff's Motion for Partial Summary Judgment, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 24, 2015, Plaintiff appealed this Court's "Memorandum and Order" issued May 27, 2015 (document #72) (denying Plaintiff's first Motion for Partial Summary Judgment (document #43), granting the Defendants' initial Motions for Summary Judgment (documents ##38, 39, 41 and 44) and dismissing the Complaint with prejudice) to the United States Court of Appeals for the Fourth Circuit.

On November 29, 2016, the Fourth Circuit dismissed the appeal as interlocutory and remanded for further proceedings. "Unpublished Opinion" at 1 (document #77). Specifically, the Fourth Circuit held that "the district court did not address the declaratory judgments sought in Counts 11 and 12…." Id. at 3. "[I]n Counts 11 and 12 [Plaintiff] sought a declaratory judgment under North Carolina law that the [Private Protective Services Act] did not apply to him (Count 11) and that he had a right to possess firearms (Count 12)." Id.

The Court issues this Supplemental Memorandum and Order to address Counts Eleven and Twelve of the Complaint. See document #1 at pp 35-37. To the extent that the parties' present Motions address any other pending claims, as well as for purposes of reciting the procedural history, facts, and applicable law, the Court's "Memorandum and Order" (document #72) is reaffirmed and fully incorporated by reference herein as if fully set forth.

Pursuant to Chapter 74C of the Private Protective Services Act ("the Act"), Defendant Private Protective Services Board (the "Board"), is an agency of the State of North Carolina and was a part of the Attorney General's Office at the time of the events herein. The Board is tasked with licensing individuals and businesses that engage in private protective services in North Carolina, maintaining the registration of armed and unarmed security guards employed by licensed businesses and maintaining the registration of armed security guards for companies with proprietary security services. Any person, firm, corporation or individual engaged in private security activities is required by Chapter 74C to be licensed and registered with the Board.

Taking the facts in a light most favorable to the Plaintiff, Club Kalipzo is a public club located at 5920 North Tryon Street in Charlotte, North Carolina. Club Kalipzo has a permit to sell alcohol but is not licensed by the Board. On the dates relevant to this case, Plaintiff was working as a security guard in the parking lot beside Club Kalipzo and carrying his personal firearm. At no time was Plaintiff licensed by the Board.

Plaintiff attempts to avoid the Act's licensing requirements by arguing that he was employed as a "bouncer" and not as an independent contractor, and was carrying his firearm for personal protection only. "Plaintiff's Memorandum …" at 2, 15-16 (document #95). Plaintiff's arguments miss the point.

"Private protective services" are defined in N.C. Gen. Stat. § 74C-3. The Act specifies eight broad categories of covered activities. They are further defined as "armed" or "unarmed" by application of N.C. Gen. Stat. § 74C-13. This provision is entitled "Armed licensee or registered employee required to have firearm registration permit; firearm training." The statute specifies the "duties" of a "security guard":

> a. Prevention or detection of intrusion, entry, larceny, vandalism, abuse, fire, or trespass on private property.

b. Prevention, observation, or detection of any unauthorized activity on private property.

c. Protection of patrons and persons lawfully authorized to be on the premises or being escorted between premises of the person, firm, association, or corporation that entered into the contract for security services.

d. Control, regulation, or direction of the flow or movement of the public, whether by vehicle or otherwise, only to the extent and for the time directly and specifically required to assure the protection of properties.

N.C. Gen. Stat. § 74C-3(6)(a - d). While Plaintiff characterizes himself as a "bouncer," his duties clearly fall within those described in N.C. Gen. Stat. § 74C-3(6). At a minimum, he was responsible for monitoring and providing security for the parking lot at Club Kalipzo. Since he carried a firearm, N.C. Gen. Stat. § 74C-13(a1)(1a) applies.

Applying these principles to the facts taken in a light most favorable to Plaintiff, his work as a security guard in the parking lot at Club Kalipzo constituted private protective services within the meaning of the Act. Consequently, Plaintiff was not entitled to carry his personal firearm unless licensed by the Board to do so. Accordingly, Plaintiff's Motion for Partial Summary Judgment is denied and Defendants' Motions for Summary Judgment are granted as to Plaintiff's Count Eleven seeking a declaratory judgment that North Carolina's Private Protective Services Act did not apply to him.

For those same reasons, Plaintiff's Count Twelve seeking a declaratory judgment that he is entitled to carry a firearm also fails. Taking the facts in a light most favorable to Plaintiff, he could not legally carry his personal firearm under the circumstances that led to his arrest. Plaintiff's Motion for Partial Summary Judgment is denied and Defendants' Motions for Summary Judgment are granted as to Plaintiff's Count Twelve seeking a declaratory judgment that he was entitled to carry a firearm under North Carolina law here.

## III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  The "Memorandum and Order" issued May 27, 2015 (document #72) (denying Plaintiff's first Motion for Partial Summary Judgment (document #43), granting the Defendants' initial Motions for Summary Judgment (documents ##38, 39, 41 and 44) and dismissing the Complaint with prejudice) is **REAFFIRMED** and **INCORPORATED** herein as if fully set forth.

2.  "Defendant North Carolina Private Protective Services Board's New Motion to Dismiss … and Renew[ed] … Motion for Summary Judgment" (document #88) is **GRANTED**;

3.  Defendants Kerl, Mickley, Murray, Ford, and Narvaez' "Renew[ed] Motion for Summary Judgment …" (document #90) is **GRANTED**;

4.  "Defendant City of Charlotte's "Second Motion for Summary Judgment" (document #91) is **GRANTED**;

5.  "Defendant Sarah A.H. Conner's Renewed Motion to Dismiss and/or Summary Judgment" (document #92) is **GRANTED**; and

6.  "Plaintiff's Motion for Partial Summary Judgment" (document #94) is **DENIED**.

7.  The Complaint is **DISMISSED WITH PREJUDICE.**

8.  The Clerk is directed to send copies of this Supplemental Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: December 14, 2017

David S. Cayer
United States Magistrate Judge